## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| JOHN S. MACDONALD and JESSICA C. SPEARMAN, | Civil Action No. 2:16-cv-02781-MCA-ESK |
| Plaintiffs, | Motion Date: April 6, 2020 |
| v. | |
| CASHCALL, INC.; WS FUNDING, LLC; DELBERT SERVICES CORP.; and J. PAUL REDDAM, | |
| Defendants. | |

---

### Order Granting Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement

---

The above-entitled matter came before this Court upon Plaintiffs' Unopposed Motion for Preliminary Settlement Approval. Based upon the memoranda, declarations, exhibits, and all the files and proceedings herein, the Court orders as follows:

### <u>ORDER</u>

1. Plaintiffs' Motion for Preliminary Settlement Approval is GRANTED.

2. The Court preliminarily finds that the Settlement Agreement meets the requirements for approval under Fed. R. Civ. P. 23(e):

-1-

A.     The Class Representatives and Class Counsel have adequately represented the Class.

B.     The proposed settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator.

C.     The Settlement was negotiated only after Class Counsel and Defendants had conducted meaningful and significant merits discovery and class certification had been granted by the Court.

D.     The relief provided by the Settlement is adequate, taking into account the costs, risk, and delay of trial and appeal; the effectiveness of the proposed method of distribution; and the terms of the proposal for awarding attorney's fees, including the timing of payment.

E.     The Settlement treats Class Members equitably with respect to one another.

F.     Considering the other relevant Third Circuit factors, the Settlement is fair, reasonable, and adequate such that notice to the Settlement Class is warranted.

3.     The Court previously granted Plaintiffs' motion for class certification and certified two separate classes. (*See* ECF No. 103.) For purposes of settlement, those definitions are modified, and the following Settlement Class is certified for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(3):

> All individuals who, on or after May 17, 2010, made payments to one or more Defendants on loans originated by CashCall, Inc., WS Funding, LLC, Delbert Services Corp., J. Paul Reddam, or Western Sky Financial, LLC where the borrower was a New Jersey resident.

As set forth in the Court's class certification Order, the Court appoints Nichols Kaster, PLLP, Gupta Wessler, PLLC, and Schall & Barasch, LLC as counsel for the Settlement Class. Further, the Court appoints John S. MacDonald and Jessica C. Spearman as representatives for the Settlement Class.

4.      The Parties have presented to the Court proposed forms of notice regarding the settlement for distribution to Class Members. The Court approves the text of the notices and finds that the proposed forms and content meet the requirements of Fed. R. Civ. P. 23. The Parties may change the form of notice to insert applicable deadlines and information that had otherwise been marked with a placeholder pending Preliminary Settlement Approval.

5.      The Court approves and orders that Atticus Administration, LLC shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement. The Court directs the Settlement Administrator and the parties to distribute notice and perform all responsibilities concerning the notice plan as set forth in the Settlement Agreement.

6.      Class Counsel shall file their motion for Attorney's Fees, Costs, and Class Representative Service Awards on or before **September 14, 2020.**

7.      A hearing (the "Fairness Hearing") will be held on **October 1, 2020 at 2:00 p.m.** in

Courtroom MLK 4A of the United States District Court for the District of New Jersey, before the undersigned District Court Judge, to determine, among other issues:

     A.    Whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate;

     B.    Whether the Court should enter the Final Approval Order; and

     C.    Whether the Court should approve any motion for Attorneys' Fees, Costs, Class Representative Service Awards, and Settlement Administration Expenses.

**IT IS SO ORDERED.**

Dated: _7/1/20_

_____
Honorable Madeline Cox Arleo
United States District Court Judge