UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN S. MACDONALD and JESSICA C. SPEARMAN, | Civil Action No. 2:16-cv-02781-MCA-ESK |
| Plaintiffs, | Hearing Date: October 1, 2020 |
| v. | |
| CASHCALL, INC.; WS FUNDING, LLC; DELBERT SERVICES CORP.; and J. PAUL REDDAM, | |
| Defendants. | |

**Declaration of Matthew W. H. Wessler in Support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Class Representative Service Payments**

1. My name is Matthew W. H. Wessler. I am a principal at the law firm of Gupta Wessler PLLC, a national appellate and complex-litigation boutique in Washington, D.C. and one of the Class Counsel in this matter. I submit this Declaration in support of Plaintiffs' Motion for Attorneys' Fees, Costs, and Class Representative Service Payments.

2. I am a member of the Bars of the District of Columbia and Massachusetts. I am admitted to the Bars of the U.S. Supreme Court as well as the U.S. Court of Appeals for the First, Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, and Tenth, and D.C. Circuits.

1

3. Both my and my firm's practice is focused on Supreme Court, appellate, and complex litigation with an emphasis on class-action issues and consumer-protection law. My caseload consists primarily of handling appeals of consumer and worker-protection cases, including class actions, in federal appellate courts and the Supreme Court. I have argued before the U.S. Supreme Court on behalf of plaintiffs in a number of major consumer and worker rights cases, including *Coventry Health Care v. Nevils*, 137 S. Ct. 1190 (2017), *U.S. Airways v. McCutchen*, 133 S. Ct. 1537 (2013), and *Heimeshoff v. Hartford Life Insurance*, 134 S. Ct. 604 (2013). This term I argued and won another class-action case on behalf of workers and their families in the U.S. Supreme Court, *Intel Investment Policy Cmte. v. Sulyma*, 140 S. Ct. 768 (2020). Within just the past several years, I have also argued and won significant class-action and consumer-protection appeals in multiple federal courts of appeal. *See, e.g.*, *In re MDL Genentech Herceptin Marketing & Sale Practice Litig.*, __ F.3d __, 2020 WL 2781287 (10th Cir. 2020); *Molock v. Whole Foods Group, Inc.*, 952 F.3d 293 (D.C. Cir. 2020); *In re Lantus Direct Purchaser Antitrust Litig.*, 950 F.3d 1 (1st Cir. 2020); *Cullinane v. Uber Technologies, Inc.*, 893 F.3d 53 (1st Cir. 2018); *Roberts v. Capital One, N.A.*, 719 Fed. App'x. 33 (2d Cir. 2017).

4. For my appellate work in *Sulyma*, I won the Pound Civil Justice Institute's 2020 Appellate Advocacy Award, which recognizes excellence in

appellate advocacy in cases that have a significant impact on public health and safety, consumer rights, civil rights, environmental justice, access to justice. *See* http://www.poundinstitute.org/appellate-advocacy-award/.

5. In my work, I have also developed a specific expertise in payday-lending matters and my firm has built an unparalleled track record in handling payday-lending issues and appeals. In 2020 alone, I have argued and won three major appellate decisions involving tribal lending enterprises. *See Williams v. Medley Opportunity Fund II, LP*, 965 F.3d 229 (3d Cir. 2020); *Gibbs v. Haynes Inv. LLC*, __ F.3d __, 2020 WL 4118239 (4th Cir. July 21, 2020); *Gibbs v. Sequoia Capital Operations, LLC*, 966 F.3d 286 (4th Cir. 2020). I am also lead appellate counsel in three more appeals currently pending in the federal circuits. *See Hengle v. Treppa*, No. 20-1062 (4th Cir.); *Brice v. Plain Green*, No. 19-15707 (9th Cir.); *Brice v. Sequoia Capital Operations, LLC*, No. 19-17414 (9th Cir.).

6. I was also lead appellate counsel and argued *Hayes v. Delbert Services Corp.*, 811 F.3d 666 (4th Cir. 2016), a landmark decision from the Fourth Circuit holding that a tribal payday lender's forced-arbitration contract was categorically unenforceable because it prospectively waived consumers' statutory rights. That decision directly led to one of the largest settlements against a payday lender in Virginia, as well as several of the largest such settlements in other states. As another example, in this case, I argued and won the Third Circuit appeal. *See MacDonald v.*

3

*CashCall, Inc.*, 883 F.3d 220 (3d Cir. 2018). As a result of my work in this area, I regularly speak on consumer law and payday lending issues across the country.

7.      My work litigating against payday lenders is not limited to appeals. I am co-counsel in several other cases against tribal payday-lender enterprises across the country, including *Galloway v. Big Picture Loans, LLC*, 18-00406 (E.D. Va.), *Williams v. Red Stone Inc.*, 18-02747 (E.D. Pa.), and *Nolte v. Franklin, et al.*, No. 20-cv-05585 (N.D. Ca.). In 2015-16, multiple legal teams litigating parallel class cases against a particular tribal payday-lending enterprise jointly retained my firm and me to intervene in a proposed settlement in a competing case in South Dakota that would have, if approved, halted the other pending cases. We were granted intervention and successfully convinced the district judge in South Dakota to deny approval of the proposed settlement, which would have delivered only pennies on the dollar and a fraction of the available relief to injured consumers across the country. As the district court explained in its decision denying preliminary approval in that case, "[b]luntly put, there [were] signs" that the plaintiffs' attorneys for the class there had "not adequately represented the class." The court specifically commended our "zealous and highly effective advocacy," on "very short notice," in bringing this inadequacy to light on behalf of consumers nationwide. *See Heldt v. Payday Financial, LLC*, 2016 WL 96156, at *10 (D.S.D. Jan. 8, 2016).

8. My firm has also been appointed class counsel in a number of cases, including in *Houser v. United States*, No. 13-607C (Fed. Cl.), a certified nationwide class of current and former federal bankruptcy judges (and their surviving spouses, life-insurance beneficiaries, and estates) that was litigated to judgment in the Court of Federal claims, in *Steele v. United States*, No. 14-cv-01523-RCL (D.D.C.), a certified nationwide class of tax-return preparers suing the federal government under the Little Tucker Act for excessive user fees, and most recently, in *Turner v. ZestFinance, Inc.*, which was certified as a class on behalf of consumers who obtained illegal payday loans from a payday lending enterprise and for which a nationwide settlement was just finally approved. *See Turner v. ZestFinance, Inc.*, No. 19-cv-00293, Dkt. # 115 (July 9, 2020).

9. My firm and I are also well known within the broader consumer- and financial-protection advocacy community. After graduating from Cornell University Law School in 2005 and serving as a law clerk to the Honorable Richard L. Nygaard of the U.S. Court of Appeals for the Third Circuit and the Honorable William E. Smith of the U.S. District Court for the District of Rhode Island, I spent two years as an associate at Williams & Connolly LLP. I then spent six years at Public Justice, P.C., a national public interest and impact litigation law firm in Washington, D.C. While there, I spearheaded the firm's focus on Supreme Court litigation and took the lead in several high-profile cases involving class actions, arbitration, preemption,

and consumer and worker rights. In 2015, I became a named partner at Gupta Wessler PLLC, in Washington, D.C.

10. My firm has spent a significant amount of time investigating, researching, and litigating the matters that are being resolved by the settlement. In this case, I was principally responsible for drafting the dispositive legal issues in the case. That included multiple rounds of briefing on complex issues of both national significance and first impression in the Third Circuit. I personally developed, researched, and drafted the class's briefs opposing the defendants' motion to dismiss, motion to compel arbitration, and petition to appeal this Court's decision certifying the class. My work also included one full-blown appeal to the Third Circuit where I personally briefed and argued issues of first impression and that produced a unanimous precedential opinion in the Class's favor. *See MacDonald v. CashCall, Inc.*, 883 F.3d 220 (3d Cir. 2018). Based on my experience, I believe my firm's work provided substantial benefit to the Class.

11. In my own federal practice, I charge clients a standard hourly rate of $800. I agreed to work on this appeal on behalf of the class on a contingent basis. I have substantial expertise in federal consumer-protection law and class actions and have handled multiple appeals arising from consumer class actions.

12. After excluding timekeepers with minimal time in the case and exercising billing judgment, the total number of hours spent by my firm which has

been billed to the matter at issue here through today is 429.97 hours, with a corresponding lodestar of $312,565.50 billed at current hourly rates.

| Timekeeper | Position | Hourly Rate | Hours Billed |
|---|---|---|---|
| Matt Wessler | Principal | $800 | 372.75 |
| Lark Turner | Associate | $300 | 38.55 |
| Jared Milfred | Legal Assistant | $150 | 7.50 |
| Nabilla Abdallah | Legal Assistant | $150 | 11.17 |

13. My firm has expended a total of $1,208 in unreimbursed out-of-pocket expenses to date in connection with litigation that is resolved by the settlement. These expenses include travel, printing and copying, and other costs that are generally charged to paying clients. These expenses were incurred on behalf of the class on a contingent basis and have not been reimbursed.

14. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 21, 2020                    s/Matthew W.H. Wessler
                                          Matthew W.H. Wessler