## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN S. MACDONALD and JESSICA C. SPEARMAN, | Civil Action No. 2:16-cv-02781-MCA-ESK |
| Plaintiffs, | |
| v. | |
| CASHCALL, INC.; WS FUNDING, LLC; DELBERT SERVICES CORP.; and J. PAUL REDDAM, | |
| Defendants. | |

### Order Granting Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Costs, and Class Representative Service Awards

The above-entitled matter came before this Court upon Plaintiffs' Unopposed Motion for Final Settlement Approval of Class Action Settlement and Motion for Award of Attorneys' Fees, Costs, and Class Representative Service Awards and the materials filed in support thereof, and having scheduled a Fairness Hearing for October 1, 2020 and no objectors having appeared for that hearing or otherwise contacted the Court via phone, email, mail or in any other way to file any objections, and given the Covid-19 pandemic and standing Orders of the Court and the impracticability of having an in person hearing, and having carefully reviewed the briefs and declarations filed in support, and having no questions to pose to counsel, and having satisfied itself that the settlement is fair, reasonable and adequate and in the best interest of the class; and that the attorney fee award requested is likewise fair and reasonable;

### <u>ORDER</u>

1.    The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to the action, including all members of the

Settlement Class.

**2.**     The Unopposed Motion for Final Approval of Class Action Settlement and Award of Attorneys' Fees, Costs, and Class Representative Service Awards is hereby GRANTED. The Court approves the Settlement Agreement and orders that the Settlement shall be consummated and completed in accordance with the terms and conditions of the Settlement Agreement, which are incorporated into this Order.

**3.**     The Court finds that the Settlement Agreement meets the requirements for approval under Fed. R. Civ. P. 23(e):

   A.     The Class Representatives and Class Counsel have adequately represented the Class.

   B.     The proposed settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral and well respected mediator.                                                                .

   C.     The Settlement was negotiated only after Class Counsel and Defendants had conducted meaningful and significant merits discovery and class certification had been granted by the Court.

   D.     The relief provided by the Settlement is adequate, taking into account the costs, risk, and delay of trial and appeal; the effectiveness of the proposed method of distribution; and the terms of the proposal for awarding attorney's fees, including the timing of payment.

   E.     The Settlement treats Class Members equitably with respect to

one another.

F.   Considering the other relevant Third Circuit factors, the Settlement is fair, reasonable, and adequate in all respects, including (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery, and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

G.   There are no members of the Settlement Class who timely excluded themselves from the settlement.

H.   Settlement Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court. No Settlement Class Member has objected.

4.   In accordance with the Court's Order, Postcard Notices were timely distributed by first-class mail to all Settlement Class Members who could be identified with reasonable effort. The Settlement Website was also established as set

forth in the Agreement and contained a Long Form Notice with detailed settlement information. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members. In total, just under 4% were ultimately returned as undeliverable. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.* ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States. The Court finds that all applicable CAFA requirements have been satisfied.

5.     The form and methods of notifying the Settlement Class Members of the terms and conditions of the Settlement met the requirements of Rules 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances. Due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers, and entities entitled thereto, consistent with Rule 23 and due process.

6.     The Court grants Class Counsel's request for an award of attorneys' fees in the amount of $4,833,333.33, and costs in the amount of $61,600.15 for litigation expenses, and up to $46,745 for settlement administration expenses. The Court finds that the requested attorneys' fees (one-third of the common fund) are in line with the Settlement Agreement, and are reasonable in light of: (1) the size of the fund and the number of persons benefitted; (2) the presence or absence of objections

to the terms and/or fees requested; (3) the skill and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted by counsel; and (7) awards in similar cases. The Court further finds that the costs requested are in line with the Settlement Agreement and are reasonable and relevant to the litigation.

7.      The Court approves Class Counsel's request for service awards for each of the Class Representatives. The amounts requested are reasonable in light of (1) the actions the plaintiffs took to protect the Classes' interests, (2) the degree to which the Classes have benefitted from those actions, and (3) the amount of time and effort Plaintiffs expended in pursuing litigation. The Court approves an award of $10,000 each to Class Representative, John S. MacDonald and Jessica C. Spearman.

8.      The Court orders Defendants to deposit the Gross Settlement Amount with the settlement administrator at the times and under the methods required by the Settlement Agreement. The Court approves the subsequent distribution of the settlement funds as required by the Agreement.

9.      Upon the Effective Date of this Order under the Settlement Agreement: (a) all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order; and (b) all Released Claims asserted therein, whether asserted by the Class Representatives on their own behalves or on behalf of the Settlement Class Members who have not excluded

themselves from this Settlement are dismissed with prejudice, without costs to any

of the Parties other than as provided for in the Settlement Agreement or in this Order.

**10.**    The Court orders compliance with the Settlement Agreement in all

respects. The Court reserves jurisdiction over all maters arising out of the settlement

or the administration of the settlement.

**IT IS SO ORDERED.**

Dated: 10/2/20                          _____
                                       Honorable Madeline Cox Arleo
                                       United States District Court Judge